IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIM. ACT. NO. 1:24-cr-112-TFM |
| | ) | CRIM. ACT. NO. 1:24-cr-113-TFM |
| ECHANDZA DIANCA MAXIE aka CHAN | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the *United States' Motion to Revoke Release Order* (Doc. 110 in 1:24-cr-112, filed 8/5/24; Doc. 59 in 1:24-cr-113, filed 8/5/24). The United States appeals the Magistrate Judge's Release Order after the detention hearing in the above cases. Defendant timely filed her response (Doc. 117 in 1:24-cr-112, filed 8/7/24; Doc. 62 in 1:24-cr-113). This omnibus order addresses both cases, but for the purposes of the record, the Court will primarily refer to case citations in the first case, Crim. Act. No. 1:24-cr-112 unless otherwise specified. For the reasons stated below, the United States' motion is **DENIED** and the Magistrate Judge's order on conditions of release is **AFFIRMED** with the additional condition specified in the conclusion.

**I. BACKGROUND**

On June 27, 2024, the grand jury returned two indictments involving Defendant Echandza Dianca Maxie ("Defendant" or "Maxie").[1] The first indictment, Crim. Act. No. 1:24-cr-112 (Case 1), has twelve substantive counts against Maxie and seven co-defendants. *See* Case 1, Doc. 7. The counts involving Maxie include Counts Two, Eleven and Twelve. *Id*. Specifically, these counts involve allegations of drug conspiracy to possess with intent to distribute more than 5 kg of cocaine

---

[1] There is another Maxie in Crim. Act. No. 1:24-cr-113 – specifically Edeszann Dailene Maxie. However, as this order has no bearing on her case and solely relates to Echandza Dianca, the Court need not distinguish between the two here.

in violation of 21 U.S.C. § 846 (Count 2), tampering with evidence in violation of 18 U.S.C. § 1512(c)(1), and disposal of a firearm to a prohibited person (felon) in violation of 18 U.S.C. § 922(d)(1). *Id*.

The second indictment, Crim. Act. No. 1:24-cr-113 (Case 2), has thirty-four counts against Maxie and four co-defendants. *See* Case 2, Doc. 1. The counts involving Maxie are Counts One through Twenty-One. Specifically, these counts involve allegations of conspiracy to commit fraud in violation of 18 U.S.C. § 1349, wire fraud in violation of 18 U.S.C. § 1343, money laundering conspiracy in violation of 18 U.S.C § 1956(h), aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1), and conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349.

Maxie was arrested on July 30, 2024 and the Magistrate Judge held an initial appearance and arraignment on the same date. The United States moved to detain her. The pretrial services report recommended release. *See* Doc. 94. On July 31, 2024, the Magistrate Judge held a detention hearing of which there was both an audio recording and a transcript made. *See* Docs. 100, 101, 108. On August 2, 2024, the Magistrate Judge issued her oral ruling denying the motion to detain and issuing conditions of release. The Magistrate Judge determined that Maxie had rebutted the statutory presumption of detention and concluded that there were conditions of release that sufficed. Specifically, the Magistrate Judge determined that appropriate conditions would be (1) home detention, (2) location monitoring, (3) a no contact order with any co-defendants to include her husband and sister, E.D.M., (4) the surrender of Maxie's passport, (5) a restriction on performing any tax-related matters and opening any new lines of credit, and (6) the standard conditions of release to include reporting to the Probation Office and reporting any contacts with law enforcement. The United States request a stay of the release order pending an appeal to the undersigned pursuant to 18 U.S.C. § 3145(a)(1) which was granted.

On August 5, 2024, the United States timely filed its motion to revoke the release order.[2] *See* Doc. 110.  On August 7, 2024, Maxie timely filed her opposition to the United States motion to revoke the bond order.  *See* Doc. 117.  The Court finds that a hearing is not necessary and has performed a *de novo* review of the detention proceedings.

## II.   STANDARD OF REVIEW

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-3150, governs the release or detention of a defendant pending trial. "Section 3142(e) accords the judicial officer substantial latitude in determining whether pretrial detention is appropriate." *United States v. King*, 849 F.2d 485, 487 (11th Cir. 1988).  A finding that a defendant poses a flight risk or is a danger to another person or the community requires his detention pending trial.  18 U.S.C. § 3142(e)(1).

"If a person is ordered released by a magistrate judge . . . the attorney for the Government may file, with the court having origin al jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release."  18 U.S.C. § 3145(a)(1).  A district court considering appeals under the Bail Reform Act must conduct an independent review to determine whether the magistrate judge properly found that pretrial detention is necessary or release is appropriate.  *See United States v. King*, 849 F. 2d 485, 490 (11th Cir. 1988); *United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987); *United States v. Hurtado*, 779 F.2d 1467, 1480-81 (11th Cir. 1985).

The United States' burden of proof on the flight question is governed by the preponderance-of-the-evidence standard. *United States v. King*, 849 F.2d 485, 489 (11th Cir. 1988) (citing *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985).  The United States' burden

---

[2] The United States initially only filed the motion (appeal) in Case 1.  However, as this pertains to both cases, for the purposes of the record, the Court directed the United States to file it in both cases.  References and PageID citations contained in the motion will relate to Case 1.

to show danger to the community is by clear and convincing evidence. *Id.* at n.3 (citing 18 U.S.C. § 3142(f); *United States v. Quartermaine*, 913 F.2d 910, 917 (11th Cir. 1990). A court may detain a defendant based *either* on risk of nonappearance or dangerousness. *King*, 849 F.2d at 488.

Finally, applicable to this case is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. Specifically, it states:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed—
>
> > (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;

18 U.S.C. § 3142(e)(3)(A). "A grand jury indictment provides the probable cause required by the statute to trigger the presumption." *Quartermaine*, 913 F.3d at 916 (citing *United States v. Hurtado*, 779 F.2d 1467, 1479 (11th Cir. 1985)).

> Once the statutory presumptions are raised, the defendant carries the burden of production to come forward with evidence to rebut the presumptions. The defendant's obligation to come forward with evidence does not shift to the defendant the government's burden of persuasion. *[...] King*, 849 F.2d at 488. Therefore, Quartermaine had the burden to produce evidence "to suggest that he . . . [was] either not dangerous or not likely to flee if turned loose on bail." *Hurtado*, 779 F.2d at 1479. Even if this evidence is sufficient to rebut the statutory presumption, the presumption "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relative to factors listed in section 3142(g)." *United States v. King*, 849 F.2d at 488 (quoting *United States v. Portes*, 786 F.2d 758, 764 (7th Cir. 1985) (citation omitted)). The presumption becomes evidence to be considered along with other evidence listed in the Act as indicative of risk of flight or danger to the community.

*Quartermaine*, 913 F.3d at 916. The Court then looks to the factors provided in 18 U.S.C. § 3142(g).

### III.   DECISION AND ANALYSIS

The undersigned independently examined the proceedings before the Magistrate Judge. The Court considered the written submission of counsel, the audio recording and transcript of the detention proceeding before the Magistrate Judge, the audio recording of the Magistrate Judge's oral ruling on conditions of release and reasonings, the pretrial services report prepared by the United States Probation Office, and the arguments made by counsel.

Having conducted this *de novo* review, the Court also finds that the factors enumerated in 18 U.S.C. § 3142(g) support the Magistrate Judge's finding that conditions of release are appropriate. The Court will address the factors in turn.

§ 3142(g)(1) requires the Court to consider "the nature and circumstances of the offense[s] charged." Then under §3142(g)(2), the Court considers the weight of the evidence against the Defendant.  Maxie is charged with offenses involving controlled substances, tampering with evidence by disposing of a firearm to a felon, conspiracy to commit fraud, wire fraud, money laundering, aggravated identity theft, and conspiracy to commit wire fraud.  While there is no doubt that these charges are indeed serious, the Court also listened to the almost 2.5 hours of evidence presented at the detention hearing and finds that the bulk of the evidence presented on the drug charges related to co-defendants (including Maxie's husband) and was admitted over the defendant's objection.  While this may present a strong conspiracy case overall, there was little evidence that directly tied Maxie to the actual drug transactions.  At the detention hearing, the United States did not present evidence that Maxie directly participated in the drug transactions. There was evidence that she may have been aware of her husband's activities, but that alone is insufficient to hold her in custody. The strongest presentation from Case 1 related to the evidence tampering and disposal of the gun in that she may have moved the gun out of her house and given

it to her sister (who is a felon) and then later instructed her sister's child (a 15-year-old) to dispose of the weapon. Yet, Defense raises concerns about whether the evidence clearly established that it was Maxie. Yet, even if the evidence is accurate as to Maxie, does not alone mean that there are not conditions of release that will reasonably assure the appearance of the person as required or the safety of any other person and the community. Regarding the financial case (Case 2), the United States presented testimony from IRS Agent Curtis Wolf who testified as to the fraudulent tax returns and movement of money after the search warrant was executed in December 2022. While the United States certainly implies that the movement was improper, they do not actually present evidence linking the movement to the crimes alleged. Finally, while Maxie may have or had access to significant financial resources, that is insufficient to indicate that Maxie may flee. Rather, though these two indictments may be relatively recent, the Court notes that the testimony from the agents at the detention hearing show that in December 2022, Maxie was interviewed after a search was conducted on her Raspberry Lane home. There was no indication that Maxie since that interview tried to flee despite having access to those resources. Moreover, the presumption on detention stems from the allegations in Case 1 and not Case 2. Regardless, because of the interplay between the two cases, the Court lists both here. Yet, when looking at this factor on detention, the Court finds that the evidence presented by the United States does not establish by clear and convincing evidence as to dangerousness and preponderance of the evidence that detention is the only outcome here. Even with the presumption of detention as to Case 1 and while the full evidence against Maxie is not known at this point, the Court finds that these factors tilt towards Maxie when considering the evidence presented at the hearing.

Next, § 3142(g)(3) requires the Court to consider "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the

community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." Maxie has significant ties to the local community to include 5 children of various ages who are dependent upon her. The youngest is still nursing and the oldest has mental disabilities which have resulted in an adult guardianship. She has been a lifelong resident of Mobile and has significant extended family ties to the area. With regard to the risk of flight, the United States places great emphasis on a failure to appear in 2010 which related to a failure to pay a fine on her theft of property conviction earlier that year. However, the record also shows that she did end up paying the fine in full. The United States also presented testimony about a trip to France that Maxie took and there was no evidence that the trip was tied to the charges at issue nor that the trip itself was improper. The Court notes that Maxie had a valid passport and there was nothing presented that she would not have been permitted to travel for the trip at issue. In summary, this factor weighs heavily in favor of the Defendant and against the United States.

      This brings the Court to the fourth requirement of § 3142(g)(4) which states "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." There is nothing in her history that makes danger to the community clear. The firearms have been removed from the home and the United States has conducted multiple search warrants of different premises so there is no evidence that there would be an additional ability to tamper or destroy evidence. Though the United States argues in its motion that Maxie's affiliation with and leadership role in the drug trafficking organization are relevant, the Court notes that the evidence presented at the hearing did not establish a leadership role, but rather focused more on the fact her husband may have done so. Mere affiliation alone is insufficient. If it were, then the United States clearly would not have withdrawn its motions to detain other defendants in this case with far more

significant criminal histories and evidence presented about their role in the conspiracy. As previously noted, the strongest evidence at the detention hearing presented related to the charges involving tampering with evidence and disposal of a firearm to a felon. While admittedly this evidence gives the Court pause, the Court agrees with the Magistrate Judge that there are conditions that can be set which address the concerns.

### IV.  CONCLUSION

Government failed in its burden to establish by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Nor did the United States prove by a preponderance of the evidence that Maxie is a flight risk. Rather, the Court agrees with the Magistrate Judge that the stringent conditions she imposed upon Maxie would be sufficient with one addition.

The conditions of release articulated by the Magistrate Judge shall go into effect with this order with one expanded condition. In addition to the no-contact order on co-defendants including Maxie's husband and her sister (not a named defendant), the Court also instructs that Maxie may not have unsupervised contact with any children related to the co-defendants[3] or her sister. By unsupervised, the Court means that she may not communicate with them in any way without the express permission of the supervising pretrial services officer and on terms the pretrial services officer finds appropriate. This would account for any emergent situations that may arise.

For the foregoing reasons and those reasons articulated by the Magistrate Judge, it is **ORDERED** that the *United States' Motion to Revoke Release Order* (Doc. 110 in 1:24-cr-112, filed 8/5/24; Doc. 59 in 1:24-cr-113, filed 8/5/24) under 18 U.S.C. § 3145(a) for revocation of the Magistrate Judge's Order is **DENIED** and the Magistrate Judge's order is **AFFIRMED**.

---

[3]  This does not include her own five children though they are related to a co-defendant.

**DONE** and **ORDERED** this 8th day of August, 2024.

                                          /s/Terry F. Moorer
                                        TERRY F. MOORER
                                        UNITED STATES DISTRICT JUDGE